**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GREENWAY CENTER, INC.,** | : | No. 3:04cv1143 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **ESSEX INSURANCE COMPANY** | : | |
| **and ANNETTE MAIONE,** | : | |
| **Individually and as** | : | |
| **Administrator of the** | : | |
| **ESTATE OF MARK WILLET,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is the plaintiff's complaint, presented to the court in a non-jury trial on April 19, 2005. The parties have submitted their post-trial briefs, and the matter is thus ripe for disposition.

**Background**

The background facts, which are uncontested, are as follows: Greenway Center is a drug and alcohol detoxification treatment center. On June 23, 1997, Mark Willet was admitted for treatment. The next day, he passed away. The Estate of Mark Willet brought a negligence cause of action against the plaintiff in the Monroe County Court of Common Pleas in 1999.

Plaintiff commenced the instant suit by filing a declaratory judgment action against Essex Insurance Company in the Monroe County Court of Common Pleas. Plaintiff seeks to recover under a general liability insurance policy issued by Essex to Winco Acquistions. d/b/a Greenway Center. The policy was in effect at the time of events that gave rise to the Estate of Mark Willet lawsuit. Defendant Anne Maione

removed the case to this court on May 26, 2004.

The court held a non-jury trial on the matter on April 19, 2005, and the parties were ordered to submit post-trial briefs. On June 10, 2005, the post-trial briefs were submitted and the case is ripe for adjudication.

**Jurisdiction**

This Court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332. The plaintiff is a Pennsylvania corporation with a principal place of business in Henryville, Pennsylvania, and the Defendant Essex is a corporation with its principal place of business in Glenallen, Virginia. Because we are sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Discussion including findings of fact and conclusions of law**

Defendant Essex insured an entity called Winco Acquisitions, Inc. d/b/a Greenway Center (hereinafter "Winco") in 1997 when the death occurred at the center. (Pl. Ex. 1, Essex Insurance Policy Number 3CA5725). The Greenway Center was then shut down by the state. It reopened in 1998, operated by an entity called "Greenway Center, Inc.", (hereinafter "Greenway" or Plaintiff) the current plaintiff.

In state court, the estate of Mark Willet sued Greenway in 1999. Subsequently, they petitioned the court to change the name of the defendant to "Greenway Center, Inc. as successor to Winco Acquisitions, Inc." The court granted the petition and changed the name of the defendant in the caption of the case to

2

"Greenway Center, Inc., as successor in interest to Winco Acquisitions, Inc." (Pl. Ex. 2).[1]

Greenway then instituted the instant action on December 7, 2003 in the Monroe County Court of Common Pleas. In the complaint, Greenway asserts that it has been named as a defendant in the underlying state court action and that Essex owes a duty to indemnify and defend the claim. Compl. ¶ 5 - 6. Greenway notified Essex of the claim but Essex failed to provide a defense, hence the action was filed. Compl. ¶ 7 - 9. Greenway seeks a declaration that Essex owes a duty to defend and indemnify it in the underlying state court action. Plaintiff also seeks an award of costs and counsel fees.

The case was removed to this court on May 26, 2004. (Doc. 1, Notice of Removal). Essex's position is that it owes no duty to indemnify Greenway because it did not insure Greenway - it insured Winco. Greenway's position is that in state court, it is being sued as "successor in interest to" Winco, therefore, the policy should apply. We must first determine, therefore, what the effect of Greenway being sued as "successor in interest" is.

Pennsylvania law provides:

> With respect to successor liability in this Commonwealth, it is well-established that when one company sells or transfers all of its assets to another company, the purchasing or receiving company is not responsible for the debts and liabilities of the selling company simply because it acquired the seller's property. This general rule of non-liability can be overcome, however, if it is established that (1) the purchaser expressly or implicitly agreed to assume liability, (2) the transaction amounted to a consolidation or merger, (3) the purchasing corporation was merely a continuation of the selling corporation, (4) the transaction was fraudulently entered into to escape liability, or (5) the transfer was without adequate consideration and no provisions were made for creditors of the selling corporation.

---

[1] We shall refer to this case as the "underlying state court action."

3

Continental Ins. Co. v. Schneider, Inc., - - A.2d - - , 2005 WL 1162926 (Pa. May 17, 2005).

In the instant case, Defendant Maione and Plaintiff argue that the Pennsylvania Court of Common Pleas found that a *de facto* merger had been effected between Winco and Greenway. After reviewing the state court opinion, we agree with the plaintiff.

An examination of the opinion in the underlying case reveals that the Court of Common Pleas found that Winco had submitted a debtor's plan of reorganization in the fall of 1998. The plan called for all Winco stock to be vested in Greenway Center, Inc. Greenway was created contemporaneously with the submission of the plan. (Pl. Ex. 2, pg. 2). "Greenway Center, Inc., was established up to assume the stock from Winco Acquisition, Inc. when the bankruptcy was closed and to act as its successor in operation the facility in Henryville." (Id. at 3). "Stephen G. Bressett, Esquire executed the Debtor's plan of Reorganization and specifically represented to the Bankruptcy Court that all of the stock of Winco Acquisition, Inc. would be vested in Greenway Center, Inc." Id.

The state court further noted that the Pennsylvania Department of Health understood that Winco, Greenway and the Health Management Agency running the facility were all represented by the same attorney. Id. The court concluded that "In the case at bar, it is apparent that Greenway Center, Inc. is the successor in interest to Winco Acquisition, Inc., by virtue of the Reorganization Plan confirmed by the Bankruptcy Court." The court, therefore, permitted plaintiff to amend the name of the defendant in the caption to "Greenway Center, Inc. as successor to Winco Acquisitions, Inc." The state court, therefore found, that Greenway Center, Inc. was the successor to Winco Acquisitions, Inc., and in effect, that Greenway was merely a continuation of, or consolidation/merger with, Winco.

We must now determine to what extent this decision of the State court precludes us from finding

differently in the instant suit. As a United States District Court, we are bound by the Full Faith and Credit Statute to give a prior state ruling the same effect as it would have in the state courts. Gregory v. Chehi, 843 F.2d 111, 116 (3d Cir. 1988).[2] We find that "issue preclusion" prohibits us from revisiting the issue decided by the state court. Under Pennsylvania law, issue preclusion applies if:

> (1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and (5) the determination in the prior proceeding was essential to the judgment.

Veltri v. City of New Kensington, 601 A.2d 392, 395 (Pa. Commw. 1991).

All these elements are met in the instant case. The issue decided in the prior case is identical to the one presented here. Defendant Essex Insurance company seeks to have us determine that its insured is not the defendant in the state court case. The state court, however, has already determined that issue. There was a final judgment in the State court in the form of an order by Judge O'Brien. The party against whom the plea is asserted was a party or in privity with a party in the prior case. At the beginning of the state court case, Defendant Essex provided counsel for Greenway. Eventually, that counsel withdrew his appearance and filed a motion to intervene on behalf of Winco, which the state court eventually denied as moot as it found Greenway to be Winco's successor. Accordingly, Essex or Winco who was in privity with Essex as its insured was involved in the underlying action.

---

[2]In pertinent part, 28 U.S.C. § 1738 provides:
The. . . judicial proceedings of any court of any . . . State . .  Shall have the same full faith and credit in every court within the United States and its Terriotries and Possession as they have by law or usage in the courts of such State, Territory or Possession form which they are taken.

Next, we must determine if Essex had a full and fair opportunity to litigate the issue. We find that it did. It filed a brief with regard to the motion to amend the caption, and its counsel was present at the hearing. (N.T. Baker at 63). The state court judge provided him the opportunity to participate at the hearing. (Transcript of Testimony of Hearing on the Motion to Amend Caption on September 17, 2002, at 5), and an opportunity to submit law after the hearing. (Id. at 104). He was also provided the opportunity to object to exhibits, (Id. at 12, 54, 56), questions, (Id. at 34, 56, 58, 61) and witnesses, (Id. at 50).

As all the factors of issue preclusion are met, we are precluded from readdressing this issue. Accordingly, we find that the Defendant Essex Insurance Company is liable to the defend and indemnify plaintiff in the underlying state court action pursuant to the provisions of the insurance policy.

Plaintiff Greenway also seeks an award of attorney's fees and costs. Under Pennsylvania law, if an insurance company acts in bad faith in denying a claim, the court can award attorney's fees and costs to the insured. See 42 Pa.C.S. § 8371. No evidence was presented at the trial of bad faith. In addition, the complaint does not contain a cause of action for bad faith. Therefore, we shall not award attorney's fees and costs.

An appropriate verdict follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GREENWAY CENTER, INC.,** | : | No. 3:04cv1143 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **ESSEX INSURANCE COMPANY** | : | |
| **and ANNETTE MAIONE,** | : | |
| **Individually and as** | : | |
| **Administrator of the** | : | |
| **ESTATE OF MARK WILLET,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **VERDICT**

**AND NOW**, to wit, this 18th day of July 2005, the Clerk of Court is directed to enter judgment in favor of the plaintiff with regard to the declaratory judgment. We find that Defendant Essex Insurance Company is liable to provide a defense and indemnity to Plaintiff Greenway Center, Inc., involving the Monroe County Court of Common Pleas case number 4776 Civil 1999, <u>Annette Mainone, individually and as Administrator of the Estate of Mark Willet v. Greenway Center, Inc. as successor in interest to Winco Acquisitions, Inc.</u> under its insurance policy number 3CA5725. We make no award for attorney's fees and costs to the plaintiff.

                                                  **BY THE COURT:**

                                                  **s/ James M. Munley
                                                  JUDGE JAMES M. MUNLEY
                                                  United States District Court**